IN THE SUPREME COURT OF TEXAS








IN THE SUPREME COURT OF TEXAS
 
════════════
No. 05-0801
════════════
 
S. 
Murthy Badiga, M.D., Petitioner,
 
v.
 
Maricruz 
Lopez, Respondent
 
════════════════════════════════════════════════════
On Petition for Review from 
the
Court of Appeals for the Thirteenth District of 
Texas
════════════════════════════════════════════════════
 
 
Argued September 
9, 2008
 
            

            
Justice Brister filed a dissenting opinion, in which 
Justice Medina joined.
 
            
We held one year ago that an interlocutory appeal cannot be taken 
from an order granting an extension to cure a deficient expert report.[1] Today the Court holds that an 
interlocutory appeal can be taken from an order granting an extension to 
cure a missing expert report. But the interlocutory-appeal statute makes 
no such distinction; it simply says that “an appeal may not be taken from an 
order granting an extension.”[2] In the plainest of terms, this statute 
applies to all extensions — right or wrong, deficient report or no report. As 
the Court reads into this jurisdictional statute a distinction that is not 
there, I respectfully dissent. 
            
The plaintiff here did not serve an expert report within 120 days of 
filing. She sent medical records to the defendant’s insurer, but a defendant is 
entitled to those even before suit is filed.[3] If medical records alone satisfied the 
expert report requirement, expert reports would never be required.
            
The defendant moved to dismiss due to the missing report. The trial court 
responded by granting an extension, during which the plaintiff served a report 
in which a physician retyped the hospital discharge summary and signed it. The 
defendant filed a second motion to dismiss, incorporating the arguments from her 
first motion and adding that the new report was inadequate. The trial court 
denied the motion without specifying the grounds. The defendant then filed this 
interlocutory appeal, abandoning any complaint about inadequacy of the report 
served during the extension,[4] and complaining only that no report was 
served during the first 120 days. The court of appeals dismissed the appeal for 
lack of jurisdiction.[5]
            
This Court generally cannot review interlocutory appeals.[6] But we can review whether jurisdiction of 
one was correctly declined by a court of appeals.[7] Those courts have jurisdiction to review 
interlocutory orders that deny a motion to dismiss, but not those that grant an 
extension:
 
A person 
may appeal from an interlocutory order of a district court, county court at law, 
or county court that ... denies all or part of the relief sought by a motion 
under Section 74.351(b) [providing for dismissal with prejudice and cost 
awards], except that an appeal may not be taken from an order granting an 
extension under Section 74.351.[8]
 
 
            
The statutory language is plain enough: interlocutory appeals may be 
taken from orders denying dismissal, but not orders granting 
extensions. Yet this provision has created considerable confusion about when 
interlocutory review is available. The confusion arises because every order that 
grants an extension also denies dismissal, at least by implication. 
            
There are two reasons why these orders are inseparable. First, extensions 
occur only in response to a motion to dismiss; absent such a motion, the case 
proceeds to trial with no report at all. Second, extensions necessarily imply 
that the motion to dismiss is denied (at least temporarily), because no case can 
be extended and dismissed at the same time. Accordingly, the statute creates an 
apparent conflict because an order that is not appealable (granting an extension) also does something that 
is appealable (denying dismissal).
            
We resolved this conflict in Ogletree v. Matthews, holding that an 
order granting an extension cannot be severed from the accompanying order 
(explicit or implicit) denying dismissal, as doing so would render the statute 
meaningless.[9] Treating every extension as a denial of 
dismissal would make all extension orders immediately appealable — even though the statute expressly says they are 
not. To give effect to both parts of the statute (as we must),[10] an order granting an extension that 
expressly or impliedly denies dismissal cannot be severed into separate parts; 
the whole must be treated as an order granting an extension. Accordingly, we 
held in Ogletree that a defendant cannot appeal when the trial court 
grants an extension, but must instead wait 30 days and then appeal if the 
amended report is inadequate.[11]
            
We did not decide in Ogletree whether this same analysis applies 
when a plaintiff serves no report rather than a deficient report,[12] but there is no way to avoid it. If no 
report is filed but the trial judge grants an extension, the jurisdictional 
statute plainly says that an interlocutory appeal “may not be taken from an 
order granting an extension.”[13] There is nothing unclear about this 
statute, and it must be strictly construed.[14] Thus, it does not matter whether an 
extension is granted because there was no report or a deficient report; it is 
still an extension and extensions are not immediately appealable.
            
The Court says the limit on interlocutory review “does not apply when no 
expert report has been served,”[15] but that conclusion has no support in 
the statute. The statute bars review of all extensions — right or wrong. The 
Court distinguishes Ogletree based on a policy against appellate review 
of a report at the same time it is being cured in the trial court, a policy that 
does not apply when there is no report to review or cure.[16] But appellate courts cannot decide 
whether an appeal involves no report or a deficient report without reviewing 
them all. This takes time. Denying review in deficient-report cases has several 
advantages,[17] all of which are lost if every appeal 
must be reviewed anyway to decide into which category it belongs. 
            
Moreover, there is no clear line between no-report and deficient-report 
cases, because the Legislature drew none. To the contrary, the statute treats 
deficient reports as one type of missing report: “If an expert report has not 
been served within the period specified by Subsection (a) because 
elements of the report are found deficient, the court may grant one 30-day 
extension to the claimant in order to cure the deficiency.”[18] By using the plural word “elements,” 
this statute appears to allow a party to cure a report missing several elements, 
perhaps even all. So trying to draw a line between deficient and missing reports 
is like trying to draw a line between “boys” and “people”: the words mean 
different things, but they cannot be treated differently because one is part of 
the other.
            
The defendant claims she is not appealing the order of extension but only 
the order denying her motion to dismiss. But for the reasons noted above the two 
are “inseparable,” as we stated in Ogletree.[19] It is true that both orders in 
Ogletree were in the same instrument, while the denial of dismissal here 
was signed almost three months after the extension. But if two orders are 
inseparable, signing them separately cannot change that result. 
            
And in any event, the plaintiff here served a report during the 
extension, and the defendant has abandoned any complaint that this report was 
inadequate. An unchallenged report prevents dismissal,[20] so this case can be dismissed only if 
this report should be disregarded because extension was improper. No matter how 
the defendant characterizes her appeal, she is challenging the extension because 
she must.
            
The Court is undoubtedly right that denying review here allows the 
plaintiff and trial court to ignore a procedural requirement the Legislature 
took great pains to construct. The statute provides that if a report “has not 
been served” within 120 days, the court “shall” sign an order that “dismisses 
the claim.”[21] Surely most trial judges in Texas would not have 
granted an extension here, although this case is proof that some would. But if 
the Legislature wants Texas appellate courts to rein in those few, 
it must grant them the jurisdiction to do so — rather than expressly denying it 
as it has done here.
            
When a trial court grants an extension, it does not matter whether a 
deficient report or no report was served; an interlocutory appeal cannot be 
taken in either case. As the court of appeals did only what the statute says, I 
would affirm; because the Court holds otherwise, I respectfully dissent.
            

            
_______________________________
            
Scott Brister
            
Justice
 
OPINION DELIVERED: January 9, 
2009







[1] 
Ogletree v. Matthews, 262 S.W.3d 316, 321 (Tex. 2007).

[2] 
Tex. Civ. Prac. & 
Rem. Code § 
51.014(9).

[3] 
See id. § 
74.051.

[4] 
Dr. Badiga challenged the adequacy of the purported 
report in the trial court, but made clear in her Reply Brief in the court of 
appeals that she was “not challenging the adequacy of Plaintiff’s expert report 
through this appeal.”

[5] 
___ S.W.3d ___.

[6] 
See Tex. Gov’t Code § 
22.225(b) (“Except as provided by Subsection (c) or (d), a judgment of a court 
of appeals is conclusive on the law and facts, and a petition for review is not 
allowed to the supreme court, in . . . interlocutory appeals that are allowed by 
law”).

[7] 
Lewis v. Funderburk, 253 S.W.3d 204, 206 
(Tex. 2008); Ogletree v. Matthews, 262 
S.W.3d 316, 319 n.1 (Tex. 2007).

[8] 
Tex. Civ. Prac. & 
Rem. Code § 
51.014.

[9] 262 S.W.3d at 
321.

[10] Tex. Gov’t Code § 311.021(2).

[11] 262 S.W.3d at 
321.

[12] Id. at 320 
n.2.

[13] Tex. Civ. Prac. & Rem. 
Code § 
51.014(9).

[14] Texas A & M Univ. Sys. v. Koseoglu, 233 S.W.3d 835, 841 (Tex. 2007); Bally Total Fitness Corp. v. Jackson, 53 S.W.3d 352, 355 (Tex. 2001).

[15] ___ S.W.3d at ___.

[16] Id. at ___.

[17] See Ogletree, 262 S.W.3d at 321 
(noting that extensions mean delay of only 30 days, and that reviewing a 
report’s deficiencies at the same time they were being cured was “an illogical 
and wasteful result”).

[18] Tex. Civ. Prac. & Rem. Code § 
74.351(c) (emphasis added).

[19] 262 S.W.3d at 
321.

[20] See id. at 
322 (holding order denying dismissal was correct when hospital did not object to 
adequacy of report).

[21] Tex. Civ. Prac. & Rem. 
Code § 74.351(b).